IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DANIELLE VAILE and JONATHAN VAILE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MEDE LLC and WILLIAM MOTTER, ) <br> Individually, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No: 1:25-cv-02555 |

## ORDER ON NOTICE OF SETTLEMENT

On November 6, 2025, the parties' mediator filed a Mediation Certification (ECF No. 26), reporting that the parties had reached an agreement to resolve their dispute. Local Rule 83.13(b) requires the parties to any civil action to promptly notify the presiding judge if they reach a settlement. The Rule then gives the parties 28 days to file a final stipulation or motion for dismissal. The Court finds that the Mediation Certification satisfies the notice of settlement required by Local Rule 83.13(b).

In Fair Labor Standards Acts cases, the parties must take the additional step of seeking court approval of any settlement agreement. A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (noting the circuit split over "whether settlements or stipulations of dismissal for FLSA claims require court approval" and the fact that the "Sixth Circuit has yet to

rule definitively on the question"). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were represented by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. The parties' motion(s) for approval of their settlement(s) (or any request to extend the deadline to file a motion for approval) is due within 28 days, that is, no later than December 4, 2025.  Failure to act within 28 days may result in the dismissal of the action without further notice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 6, 2025